In the Matter of BENJAMIN M. GINGOLD et al., Petitioners, against EDWARD R. APPS, as City Clerk of the City of Syracuse, et al., Respondents.

Fourth Department, August 4, 1953.

*Lyle W. Hornbeck* for petitioners.

*George L. Richardson, Corporation Counsel* (*Arthur M. Beach* of counsel), for Edward R. Apps, as city clerk, respondent.

*John H. Bachman,* respondent in person and for Charles H. Keene, respondent, together constituting Board of Elections of Onondaga County.

PIPER, J. This is a submission of a controversy upon an agreed statement of facts. Petitioner Gingold is an elector of the city of Syracuse and an enrolled member of the Republican party; petitioner Traister is chairman of the Onondaga County Republican Committee; respondent Apps is city clerk of the city of Syracuse and respondents Bachman and Keene constitute the Board of Elections of Onondaga County.

On or about May 1, 1953, respondent Apps filed a certificate with the Board of Elections which contained a statement that certain city officers are to be voted for in the city of Syracuse in the general election to be held on November 3, 1953, among them being " 1 Judge of Municipal Court, 1 Judge of Municipal Court (to fill vacancy), 1 Judge of Court of Special Sessions (to fill vacancy) ".

Thereafter respondent Apps, having received an opinion from the corporation counsel of the city of Syracuse advising that both Judges of the Municipal Court and the Justice of Court of Special Sessions should be elected at the November 3, 1953, general election for full terms of six years, filed an amended certificate with the Board of Elections on July 6, 1953, in which it was stated that among the city officers to be voted on at the election were " 2 Judges of Municipal Court (full term), 1 Judge of Court of Special Sessions (full term) ".

Petitioners ask for judgment that respondent Apps be compelled to withdraw and annul the amended certificate of July 6, 1953, and file a new certificate stating that one Judge of Municipal Court is to be elected for a full term and one elected to fill the vacancy created by the unexpired term of Judge ABELSON, and that the Justice of the Court of Special Sessions is to be elected to fill the vacancy created by the unexpired term of Justice BAMERICK.

Respondent Apps asks for judgment declaring that the amended certificate filed by " respondent Apps on July 6, 1953, is in full compliance with the laws of the State of New York."

As the question here posed is in the public interest we overlook any " technical objection which, perhaps, might be urged to the procedure and form in which the question has been presented * * * but proceed * * * to consider the question on the merits." (*Fisher* v. *Kelly*, 289 N. Y. 161, 165.)

Judge ABELSON was elected Municipal Court Judge of the City of Syracuse at the November, 1945, general election for a term of six years commencing January 1, 1946, and ending December 31, 1951. In November, 1951, he was re-elected for a term beginning January 1, 1952; he was born August 12, 1883, and in

accordance with the statute filed a certificate setting forth that his term would expire (by reason of having attained the age of seventy years) on December 31, 1953.

Justice BAMERICK was elected to the office of Justice of the Court of Special Sessions of the City of Syracuse at the general election in November, 1947, to fill a vacancy caused by the death of Justice WALSH. He was re-elected in November, 1949, for a term commencing January 1, 1950. He also filed the statutory certificate showing his date of birth as December 24, 1883, and that his term of office would expire (by age limitation) on December 31, 1953.

The questions to be determined are (1) whether the successor to Judge ABELSON is to be elected for a full term of six years, or only for the balance of the term he would have served if his term did not expire by age limitation, and (2) whether the successor to Justice BAMERICK is to be elected for a full term of six years, or only for the remainder of the term he would have served if his term did not expire by age limitation.

The Municipal Court of the City of Syracuse was created by the Legislature in 1892. (L. 1892, ch. 342.) The court by that act consisted of two judges. By chapter 38 of- the Laws of 1918 a third judge was added. Revisions of the act were made in 1928 and again in 1937. (L. 1928, ch. 187; L. 1937, ch. 742.) The 1937 amendment in section 4 provided: " A vacancy occurring in the office of a judge of this court, otherwise than by expiration of term, shall be filled at the next ensuing biennial city election held in an odd numbered year * * * for the unexpired term of such judge ". Section 4 of the 1928 act also provided for the election to fill a vacancy in the office to be for the " unexpired term ".

By chapter 45 of the Laws of 1941, section 2 of the act was amended to limit the term of office of judge to " the last day of December next after he shall be seventy years of age " and to require a judge thereafter elected to file " a certificate stating his age, and the time when his official term will expire, either by completion of a full term, or by reason of the disability of age, prescribed in this section".

There is no question but that the original act, and all amendments, prior to the amendment of 1941, provided for terms of office so that not more than one judge would be elected for a full term in any one year. The record shows that since 1915 not more than one judge has ever been elected in one year for a full six-year term.

The term of office of Judge BALDWIN expires on December 31, 1953, and it is conceded that his successor must be elected for a full term. The controversy concerns the election of the successor to Judge ABELSON who by statutory direction must relinquish his office on December 31, 1953, as he will have attained the age of seventy years on August 12, 1953, after having served two years since his last election.

We think that a judge elected at an age when he cannot, by reason of the age limitation, continue in office for the full term to which he would otherwise serve, is elected for a definite term expiring on December 31st next after he attains the age of seventy years, and that his successor must be elected for a full term unless otherwise provided by statute. As the term of office has expired no vacancy exists as would be the case if the judge resigned or died during his term of office. The language of the statute requiring a judge to make and file " a certificate, stating his age, and the time when his official term will expire, either by completion of a full term, or by reason of disability of age " clearly indicates that Judge ABELSON was elected in November, 1951, for a term beginning January 1, 1952, and ending December 31, 1953.

" A term of office is a fixed period prescribed for holding the office. The causes which create a vacancy * * * are uncertain, unknown, and contingent, but the term is made certain by specification. The limitation of age is as certain as the specification of the number of years, and the Legislature has provided record evidence of the fact for the purpose of making the period known. In the case of Judge BOWEN it was as certain and as well known that he was elected for a term of five years, as if that period had been specified in the constitution, and to distinguish it from a cause which creates a vacancy, he was permitted to hold until the commencement of the political year after the disability occurred, presumably for the purpose of enabling the electors to fill the office at the previous general election in the same manner as if the full term had expired." (*People ex rel. Joyce* v. *Brundage,* 78 N. Y. 403, 407.)

We think the decision there made must be followed here. As the same question is propounded in the case of the election to the office of Justice of the Court of Special Sessions (except that this court has only one justice) the same reasoning applies.

We hold that the amended certificate made and filed by respondent Apps on July 6, 1953, certifying that two Municipal Court Judges and one Justice of the Court of Special Sessions are to be voted for at the election on November 3, 1953, all for

full terms of six years each, fully complies with the statutes applicable thereto.

Judgment may be entered accordingly, without costs.

All concur. Present — McCurn, J. P., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment entered, without costs, determining that the amended certificate made and filed by respondent Apps on July 6, 1953, certifying that two Municipal Court Judges and one Justice of the Court of Special Sessions are to be voted for at the election on November 3, 1953, all for full terms of six years each, fully complies with the statutes applicable thereto.