## Allegheny County Commissioners, et al. *v.* Tucker.

Argued February 8, 1973, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Francis A. Barry,* County Solicitor, with him *William R. Caroselli,* Assistant County Solicitor, for plaintiffs.

*Israel Packel,* Attorney General, with him *Lawrence J. Beaser,* Deputy Attorney General, for defendant.

Per Curiam Opinion, February 20, 1973:

Sections 3 and 4 of the Act of December 29, 1971, P. L. 630, 17 P.S. §790.63 and §790.64, provide:

Section 3:

"The Governor may appoint twenty-five competent persons learned in the law, as additional law judges of the court of common pleas of the first judicial district, four in the fifth judicial district, one in the sixth judicial district, two in the seventh judicial district, one in the eleventh judicial district, one in the fifteenth judicial district, one in the sixteenth judicial district, one in the nineteenth judicial district, one in the thirty-first judicial district, three in the thirty-second judicial district, one in the thirty-sixth judicial district, three

in the thirty-eighth judicial district, one in the fortieth judicial district, one in the forty-third judicial district and one in the forty-fifth judicial district, to serve until the first Monday of January, 1974.

"After January 1, 1973, the Governor may appoint four competent persons learned in the law as additional law judges of the court of common pleas of the fifth judicial district to serve until the first Monday in January, 1976."

Section 4:

"At the municipal election in November, 1975, the qualified electors of the fifth judicial district shall elect four competent persons learned in the law to serve as additional law judges of the court of common pleas of the fifth judicial district from the first Monday in January, 1976, for a term of ten years."

In accordance with the specific legislative mandate, on January 2, 1973, the Governor appointed four additional judges for the fifth judicial district, i.e., Allegheny County, and in response to these appointments, the defendant, C. DeLores Tucker, Secretary of the Commonwealth, issued commissions to the judges, authorizing them to serve until the first Monday of January, 1976.

On January 24, 1973, the plaintiffs, County Commissioners of Allegheny County, constituting its Board of Elections, filed this action in mandamus to compel defendant to amend the commissions issued the four judges so that the terms of office would expire on the first Monday of January, 1974, and to certify to the Board of Elections of Allegheny County the four additional positions for the primary ballot for the municipal election this year, 1973. Plaintiffs do not allege that the Governor and the defendant have not carried out the precise mandate of the Legislature. Rather, their case asserts that the legislative action authorizing these four appointments to serve until the first Monday of

January, 1976, violates the higher mandate of Article V, Section 13(b), of the Pennsylvania Constitution which provides: "(b) A vacancy in the office of justice, judge or justice of the peace shall be filled by appointment by the Governor. If the vacancy occurs during the session of the Senate, the appointment shall be with the advice and consent of two-thirds of the members elected to the Senate, except in the case of justices of the peace which shall be by a majority. If the vacancy occurs during sine die adjournment of the Senate such appointment shall not require the advice and consent of the Senate. The person so appointed shall serve for an initial term ending on the first Monday of January following the next municipal election more than ten months after the vacancy occurs."

Inasmuch as the appointments were made on January 2, 1973, and the next municipal election will be held on November 6, 1973, more than ten months will have intervened, and it is the plaintiffs' position that these appointments constitute the filling of a judicial vacancy which Article V, Section 13(b) of the Constitution requires to be included in the election in November, 1973, rather than November, 1975. We do not agree.

The very narrow question on which this case turns is whether when the Governor appointed these four judges in accordance with the precise terms of the Act of Assembly authorizing the appointments, he was filling four judicial vacancies within the meaning and limitations of Article V, Section 13(b) of the Pennsylvania Constitution. How could the appointment to a judicial position, which is literally created by the appointment, constitute filling a vacancy? Article V, Section 13(b) speaks of filling a vacancy in a judicial position by appointment, not of creating a judicial position by appointment.

Plaintiffs rely on *Walsh v. Commonwealth*, 89 Pa. 419 (1879). That case involved the question of whether,

when a new county was established and the Governor appointed the new officials, was he filling vacancies within the meaning of the Constitution? A divided court held that such appointments constituted filling vacancies. The case was later followed by a divided court in *Commonwealth v. McAfee*, 232 Pa. 36, 81 A. 85 (1911). Nevertheless, in 1900, a unanimous court made a contrary ruling in *Commonwealth v. Dickert*, expressly adopting the opinion of the lower court, asserting that the definition of "vacancy" in the *Walsh* case should be limited to its facts: "The conditions confronting the court in the Walsh case induced them to extend the legal signification of the term 'vacancy' beyond the popular conception of its meaning. In the absence of peculiar conditions, the common acceptation of the use of the word must prevail." *Commonwealth v. Dickert*, 195 Pa. 234, 241, 45 A. 1058, 1061 (1900).

Much more important in the decision of this case is the opinion of Chief Justice BELL, concurred in by Justice O'BRIEN and Justice ROBERTS, in *Creamer v. 12 Common Pleas Judges, et al.*, 443 Pa. 484, 281 A. 2d 57 (1971), wherein it is stated: "To summarize: We would hold (1) that a *vacancy* in a Judicial office *occurs at the date* when the incumbent of a Judicial office actually dies (or resigns, or retires, or is removed, or his term of office ends), and *does not continue* to 'occur' thereafter until the date of the Governor's appointment of a successor;" (Emphasis by the Court) (*Creamer v. 12 Common Pleas Judges, et al.*, 443 Pa. 484, 508, 281 A. 2d 57, 68 (1971)). Justice (now Chief Justice) JONES, Justice EAGEN, and Justice POMEROY filed a separate opinion, taking a contrary view of the definition of "occurs," but not disagreeing with the definition of "vacancy."

Accordingly, since the judicial positions created by the appointment of these four judges had never, in the recent words of our Supreme Court, had an incumbent

who actually died, or resigned, or retired, or was removed, or whose term had ended, we conclude that these appointments did not fill vacancies within the definition of Article V, Section 13(b) of the Pennsylvania Constitution. For these reasons, we entered the order granting the defendant's motion for judgment and entered judgment in favor of the defendant on February 13, 1973.[1]

---

[1] Inasmuch as the result has not adversely affected the four judges herein concerned, it is not necessary to rule as to whether or not they were indispensable parties to this litigation.