## Commonwealth v. Iafrate

*Michael E. Moyer, assistant district attorney,* for the commonwealth.

*David L. Lahr,* for defendant.

DIEFENDERFER, *J.,* February 25, 1986—This case raises the issue of when does an individual attain a certain age: upon one's birthday, or on the day before? We agree with the majority view and find it to be on the day before one's birthday.

Defendant, Frank Iafrate Jr., was arrested September 29, 1985, at 8:15 p.m. and charged with simple assault, aggravated assault, resisting arrest, disorderly conduct, and the summary offenses of obstructing and loitering. Defendant's 18th birthday was September 30, the next day.

A preliminary hearing was held October 16, 1985, before District Justice Hartman of Magisterial District No. 3-1, and the charges of simple assault and disorderly conduct were bound over to court. An information was filed on or about November 19, 1985, charging defendant as an adult with two counts of simple assault, disorderly conduct, and the summary offense of obstructing and loitering. Defendant's pre-trial motions were filed December 27, 1985, and heard before this court on February 3, 1986. Defendant's motions consisted of a motion to quash and transfer and a motion to quash the information.[1]

Defendant requests that the criminal charges against him be dismissed because they were improperly lodged. He argues that on September 29, 1985, the day the alleged offenses occurred, he was under the age of 18 years[2] and therefore a "child" as

---

1. Motion to quash the information was withdrawn at the hearing on February 3, 1986.

2. Defendant's date of birth is September 30, 1967.

defined in 42 Pa.C.S. §6302.[3] In that he was a "child" under said section and the offenses with which he is charged are other than murder, defendant contends that this court is without jurisdiction to try defendant as an adult.

Pennsylvania law provides that a criminal act committed by a juvenile is not a crime under the Crimes Code, but rather a delinquent act. Thus, defendant requests this court to transfer the case to juvenile division pursuant to 42 Pa.C.S. §6322 (transfer from criminal proceedings). For the following reasons, defendant's request is denied.

In *Commonwealth v. Lombardo,* 33 D.&C.3d 194 (1984) the Chester County court denied defendant's motion to transfer the defendant to juvenile court. The court applied the majority rule that an individual becomes a year older at the first moment of the day *prior* to the anniversary of his birth. (emphasis added). The facts in Lombardo are very similar to the facts here. Lombardo was arrested 12:34 a.m. on March 17, 1984 and charged, as an adult, with several crimes, none of which were murder. Defendant was born at 2:53 a.m. on March 17, 1966, and argued that at the time of the arrest he was not yet 18 and, therefore, the case should be transferred to the juvenile authorities. The court held that defendant became 18 at the first moment of March 16, 1984 and thus the court had jurisdiction in the case.

---

3. According to the Juvenile Act, 42 Pa.C.S. §6301, et seq., the juvenile court has jurisdiction over certain children. Section 6302 defines a "child" as an individual who:

"(1) is under the age of 18 years. . . ."

The Pennsylvania statutes are silent as to the method of computing age. We are aware, of course, of 1 Pa.C.S. §1908, titled "Computation of Time," but we find it inapplicable.

Several Pennsylvania courts have addressed the issue here, although not in the same context. In an early case, *Commonwealth v. Howe,* 35 Pa. Super. 554 (1908), the Superior Court held that an alleged statutory rape victim had reached the age of 16 on the day before the anniversary of her 16th birthday and that therefore, the defendant could not be convicted of statutory rape for acts occurring on that date. The court stated the following:

". . . [N]umerous authorities hold that a minor attains his majority . . . on the day preceding the anniversary of birth where a majority is fixed by statute. . . . On that day he may execute a deed or make a will or vote as an elector . . . and, as the law recognizes no fractions of a day, this ability exists during the whole of the day preceding the anniversary of birth." Id. at 565. Similarly in *In re Nomination Petition of Dae Check,* 92 Dauph. 287 (1970) respondent's nomination petition as a candidate for the office of U. S. Congressman was set aside on the ground that the respondent would not meet the constitutional age requirement of 25 years at the time he would assume office. The question of age, the court stated, is analogous to the determination of when a person arrives at majority in order to be qualified to vote. They relied on the common-law rule followed in Pennsylvania that one is 21 years of age on the day preceding the 21st anniversary of his birth. Again this principal was enunciated in *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976) where the Supreme Court applied the common-law rule and held that a district justice reached the mandatory retirement age of 70 on the day before his 70th birthday. The court noted that it is well established in common law that one is deemed to attain a given age on the day before his birthday.

We find the weight of the foregoing authorities to be persuasive. We therefore hold that defendant became 18 at the first moment of September 29, 1985. Because defendant was an adult at the time of the offense, this court has jurisdiction of the case, and we thus hereby order that the motion to transfer this case to the juvenile court shall be and hereby is denied.

## ORDER

Now, February 25, 1986, for the reasons stated in the attached opinion, defendant's omnibus pre-trial motion is hereby dismissed.