O’BRIEN, J.,
On February 27, 1989, plaintiffs Joseph S. Romagano and his wife Elizabeth Romagano purchased a parcel of real estate from defendants John K. Redmond and his wife Angel Redmond, described as Lot 64, Block A-64, Section 11, Arrowhead Lakes, Coolbaugh Township, Monroe County, Pennsylvania. The Sellers’s agent in the transaction was co-defendant Liberty Real Estate. Plaintiffs procured the services of third-party defendant Mountain Area Abstract Inc. to conduct the closing and provide title insurance.
On May 23, 1989, plaintiffs learned for the first time that the property was designated as wetlands, barring the construction of a residential dwelling. Plaintiff alleges defendants Redmond and Liberty Real Estate knew of their intention to construct a dwelling on the property, and their failure to disclose the wetlands designation amounted to willful/ negligent non-disclosure on the part of defendants of a material condition.
Subsequently, defendant John K. Redmond et ux. filed a third-party complaint joining Mountain Area Abstract Inc. as a defendant, premised upon a breach of the duty of good faith and fair dealing. On September 27, 1990, third-party defendant Mountain Area Abstract Inc. filed preliminary objections to the third-party complaint in the nature of a demurrer and alleging a lack of standing. Following submission of briefs and oral argument on November 5, 1990, the preliminary objections are now before us for disposition.
A demurrer tests the legal sufficiency of the pleadings. A demurrer alleges that, upon the facts pleaded, the law will not permit the plaintiff recovery. Schott v. Westinghouse Electric Corporation, 436 Pa. 279, 291, 259 A.2d 443, 449 (1969); Com *358 monwealth of Pennsylvania, Department of Environmental Resources v. Peggs Run Coal Company, 55 Pa. Commw. 312, 319, 423 A.2d 765, 768 (1980). If it is clear and free from doubt that the pleader will be unable to establish a right to relief, a demurrer will be granted. Firing v. Kephart, 466 Pa. 560, 463, 353 A.2d 833, 835 (1976).
Preliminary objections in the nature of a demurrer admit as true all facts which are well-pleaded, material and relevant and such inferences which are reasonably deducible from such facts. Firing, 466 Pa. at 563, 353 A.2d at 834; Schott, 436 Pa. at 291, 259 A.2d at 448; Todd v. Shelly, 384 Pa. 423, 428, 120 A.2d 906, 909 (1956); Daniel Adams Associates Inc. v. Rimbach Publishing Inc., 287 Pa. Super. 74, 76, 429 A.2d 726, 727 (1981); Indian Mountain Lake Civic Association v. Coyle, 283 Pa. Super. 307, 348, 424 A.2d 943, 944 (1981). Conclusions of law, inferences unwarranted by the admitted facts, argumentative allegations and expressions of opinion are not to be considered in a demurrer. Firing, 466 Pa. at 563, 353 A.2d at 834.
The third-party complaint alleges, inter alia, as follows:
“(4) Upon information and belief, plaintiffs contracted with third-party defendant, Mountain Area Abstract Inc., to perform all necessary duties of settlement on the property.
“(5) Upon information and belief, third-party defendant, Mountain Area Abstract Inc., held itself out as an expert in the performance of settlements of real property transactions.
“(6) Upon information and belief, third-party defendant, Mountain Area Abstract Inc., prepared the settlement sheet for the transaction, wrote and disbursed checks out of its accounts for said settlement, prepared the deed of conveyance, searched *359 the title on the property, issued plaintiffs a title insurance policy on the property and generally advised plaintiffs upon all matters related to plaintiffs’ purchase of the property.
“(7) Upon information and belief, third-party defendant Mountain Area Abstract Inc., performed all duties commonly performed by abstract companies, as well as all duties commonly performed by attorneys at law.
“(8) Upon information and belief, plaintiffs were not experts in the purchase of real property.
“(9) Upon information and belief, plaintiffs reasonably relied upon third-party defendant, Mountain Area Abstract Inc., to perform all settlement duties necessary for plaintiffs to acquire and use the property.”
In Garbish v. Malvery, 358 Pa. Super. 282, 517 A.2d 547 (1986), the court found an implied principal/agent relationship was established where a mortgagee bank retained funds of the mortgagor for the construction of a residence on behalf of the mortgagor homeowner. In finding an agency relationship, the court looked to such factors as: the mortgagee bank’s demand of the balance of the contract price and retention of the proceeds of the construction loan to distribute; the mortgagee bank’s assertion that it was an expert in distributing construction funds; a refusal on the part of the mortgagee bank to allow the mortgagor homeowner any control over the distribution of funds; and finally, a failure to provide notice of how the money was being distributed.
In Dercoli v. Pa. National Mutual Insurance Co., 520 Pa. 471, 554 A.2d 906 (1989), a breach of the duty of fair dealing and good faith was found by our Supreme Court where an insurance company advised and counseled an insured that she would *360 receive all benefits to which she was entitled, and failed to advise her of a change in the law which would allow her to seek additional liability damages. Appellant Dorothea Dercoli was severely injured in an auto accident in which her driver husband was killed. Subsequently, the defense of inter-spousal immunity was abolished giving the appellant the apparent right to damages against her deceased husband’s estate, which ultimately would be payable under the liability provisions of the policies that insured the decedent. Id. In finding for the appellant, the court held that an insurer who undertakes to advise and counsel the insured in the insured’s claim for benefits has a duty to inform the insured of all benefits and coverage that may be available, and of any potential adverse interest pertaining to the insurer’s liability under the applicable policy. By failing to inform the appellant of the change in the law, the appellee insurance company in Dercoli breached its duty of fair dealing and good faith.
In view of the dearth of Pennsylvania authority regarding the duties and liabilities imposed on abstract companies, counsel for John K. Redmond et ux. rely on the above-quoted authority to establish a cause of action. Counsel argues that the allegations in their complaint establish the existence of a principal/agent relationship between the plaintiffs and the abstract company and a breach of the abstract companies’ duty to the plaintiffs of fair dealing and good faith. Whether or not the evidence in this proceeding developed in discovery or at trial will establish the allegations of the complaint is not yet known. However, where the abstract company voluntarily undertook to provide assistance and advice to the plaintiff purchasers' and may have advised against retaining independent legal counsel, estab *361 lishment of a duty of fair dealing and good faith, or a breach thereof, is indeed possible.
In view of the myriad complications attendant to a modern real estate transaction, including the wetlands issue, those who hold themselves out to handle such transactions clearly owe a duty to their clients. This duty should include notice of the pitfalls which the abstract company is not capable of addressing, including the wetlands issue. In light of the procedural posture of this case at the demurrer stage, we must afford the Redmonds the opportunity to proceed with their claim. Further, since the purpose of the rule allowing joinder of additional defendants is to preclude a multiplicity of suits, we also find additional defendants’ assertion of lack of standing to be without merit.
ORDER
And now, November 22, 1990, it is ordered as follows:
(1) The preliminary objections of Mountain Area Abstract Inc. to the third-party complaint of John K. Redmond and Angel Marie Redmond are dismissed.
(2) Mountain Area Abstract Inc. is granted a period of 20 days within which to file an answer to the aforesaid complaint.