## Nesser v. Cities in Schools in Fayette County Inc.

*James J. Nesser,* for plaintiffs.
*Ira B. Coldren,* for defendant.

FRANKS, *J.,* September 25, 1992—The issues before us arise from defendant's preliminary objections in the nature of a demurrer to plaintiffs' complaint in mandamus. After due consideration of the facts and applicable law, we sustain the objections. For the reasons stated herein, we hold that plaintiffs have failed to state a valid cause of action against defendant.

## BACKGROUND

Defendant is a non-profit corporation organized and incorporated under the laws of Pennsylvania. Defendant's purpose is to assist with health, educational, and social support services to benefit at-risk youth and their families. It works closely with the various school districts in Fayette County to coordinate these projects. Funds are provided by the Private Industry Council of Fayette and Westmoreland Counties, along with federal and state subsidies.

Plaintiffs were employed by defendant as project co-ordinators. There were no written contracts of employment, and their employment was contingent upon funding. It was the responsibility of the Executive Committee to hire and fire the employees. In June 1992, plaintiffs received notification that as of June 30, 1992, the Executive

Committee and Board of Directors decided that plaintiffs' employment would be terminated.

Plaintiffs subsequently filed a complaint in mandamus to compel defendant to reinstate plaintiffs alleging that defendant is a local agency whose administrative actions are controlled by the Local Agency Law, 2 Pa.C.S. §101, et seq., and the Sunshine Act, 65 P.S. §271, et seq.

Defendant filed the instant preliminary objections asking this court to dismiss the complaint for a failure to state a valid cause of action.

## DISCUSSION

In ruling upon preliminary objections in the nature of a demurrer, the court must first accept as true all well-pleaded, relevant and material facts, and then determine if the complaint states facts legally sufficient to support the cause of action. The objections will be sustained "only in those cases which are clear and free from doubt if to sustain them would result in the denial of the claim or the dismissal of the suit." *Firing v. Kephart*, 466 Pa. 560, 563, 353 A.2d 833, 834 (1976). Applying this standard to the facts before us, we hold that as a matter of law, plaintiffs have failed to state a valid cause of action.

Plaintiffs contend that defendant is a local agency and, therefore is subject to the Local Agency Law and the Sunshine Act. If these sections were applicable, then plaintiffs would have been entitled to a public hearing and reasons for their terminations before their employment ceased. The applicability of the statutes, however, depends upon whether defendant is a local agency as defined by the statutes. We find that it is not.

Section 101 of the Local Agency Law defines local agency in terms of a government agency. That same

section defines government agency as "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." Plaintiffs have not pleaded specifically that defendant is a political subdivision, or a municipal or local authority, nor can it be inferred from the allegations in the complaint that defendant is such an entity. Defendant is merely a nonprofit corporation employing private individuals, serving no public function.

Finding that plaintiffs have failed to prove that defendant is a local agency, we hold that plaintiffs cannot sustain a cause of action against defendant for a failure to hold a public hearing pursuant to section 53 of the Local Agency Law. Therefore, this action must be dismissed.

Plaintiffs further argue that defendant, as an agency, must adhere to the provisions of the Sunshine Act, 65 P.S. §271, et seq. Specifically, plaintiffs contend that defendant's decision to terminate plaintiffs' employment, and the meeting held prior to that decision, should have been held in an open public meeting with prior public notice of same. 65 P.S. §§274, 279.

The Sunshine Act also defines agency for the purpose of the Act as an entity which "may take official action or render advice on agency business ... or has for its purpose the performance of an essential governmental function and through the joint action of its members exercises governmental authority and takes official action." 65 P.S. §273. While defendant may have laudable goals of improving the education of our youth, goals which are shared by the government, defendant cannot be deemed to be performing an essential governmental function, nor is it empowered to take official action to achieve those goals. As such, defendant is not a local agency and it is not subject to the provision of the Act.

In conclusion, we hold that defendant, as a non-profit corporation, is not, as a matter of law, a local agency which must adhere to the provisions of the Local Agency Law or the Sunshine Act. Therefore, defendant need not have given plaintiffs notice of any of its meetings, or afforded plaintiffs the opportunity to be heard at a public meeting before their employment was terminated. Plaintiffs' causes of action based on alleged violations of inapplicable statutes must be dismissed.

Wherefore, we enter the following

### ORDER

And now, September 25, 1992, it is hereby ordered and directed that defendant's preliminary objections in the nature of a demurrer are sustained. It is further ordered and directed that the hearing scheduled for October 1, 1992, is canceled.