## Harrison v. Juralewicz

*Peter J. Quigley,* for plaintiffs.
*William P. Leeson,* for defendants.

MILLER, *J.,* December 16, 1993—On August 24, 1992, a collision occurred between an automobile driven by the defendant Lisa A. Juralewicz and an automobile driven by plaintiff William H. Harrison, Jr. in which plaintiff Walter W. Harrison was a passenger. The collision occurred at the intersection of Wooddale Road and Maplewood Drive in Middle Smithfield Township, Monroe County, Pennsylvania. Maplewood Drive is a private drive owned and maintained by defendant Pocono Wild Haven Estates.

Defendant Juralewicz was driving along Maplewood Drive and plaintiff Harrisons were driving on Wooddale Road.

The complaint filed on behalf of the plaintiffs alleges in paragraph 7 as follows:

"(7) At that date, time and place, plaintiffs and defendant Lisa Juralewicz collided at the intersection of Wooddale Road and Maplewood Drive because of Lisa Juralewicz's failure to stop at the intersection, because of a missing

stop sign which defendant, Pocono Wild Haven Estates, failed to maintain at the location."

Defendant Pocono Wild Haven Estates has filed preliminary objections in the nature of a demurrer to the complaint. Both parties have filed briefs and the matter was orally argued before this court on December 6, 1993.

In its preliminary objections, defendant alleges that the plaintiffs have not asserted any duty upon the defendant PWHE which they have breached. Defendants maintain that they have failed to find any Pennsylvania case law and plaintiffs have not cited any case law regarding whether or not a private property owner has any "legal" duty to erect traffic control devices at the end of its private driveway. Defendant cites to a number of Pennsylvania cases involving the statutory duty of a municipality or a local agency and also cites to the Motor Vehicle Code, 75 Pa.C.S. §6110 and §6113.

These cases unanimously hold that municipalities and/or townships have no common law or statutory duty to erect traffic control devices. We agree with the defendant that this is the holding of these cases. However, we note that our Supreme Court in the case of *Mindala v. American Motors Corp.*, 518 Pa. 350, 543 A.2d 520 (1988), held that once a township or local agency undertakes that discretionary duty, failure to comply with the common law duty of care may be a breach of duty to a person to whom injuries occur.

In the *Mindala* case, the township, while having no duty to do so, placed a stop sign at a corner where a collision occurred. At the time of the collision, the stop sign ordinarily controlling traffic on the roadway on which the Mindalas were driving was missing. The stop sign

had been reported missing to the township police nearly 24 hours before the Mindala accident occurred and the township did nothing to alert motorists of the upcoming dangerous intersection. Our Supreme Court held in that case that under the facts presented, the township had a duty to act and had breached that duty.

In ruling upon this demurrer, we must examine the complaint with an eye toward determining its legal sufficiency. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). The issue to be resolved is whether, upon the facts averred, the complaint shows with certainty that the plaintiff is not entitled to the legal relief sought. *Kyle v. McNamara & Criste,* 506 Pa. 631, 487 A.2d 814 (1985). In examining the complaint, the court shall accept as true all well-pled, relevant and material facts as well as all inferences fairly deducible from those facts. *County of Allegheny v. Commonwealth, supra; Firing v. Kephart,* 466 Pa. 560 353 A.2d 833 (1976). The court, however, need not accept as true conclusions of law nor unjustified inferences. *Id.*

With these principles and law in mind, we turn our attention now to the particular matter before us.

In Count III, paragraph 17 of the complaint, the plaintiff alleges as follows:

"(17) The injuries and damages of William Harrison are the sole, direct, legal and proximate result of the negligence, carelessness, and recklessness of Pocono Wild Haven Estates, generally, and in the following particulars:

(a) Pocono Wild Haven Estates, as a property owners association, has a duty to maintain roadways and traffic

signs within the development so as to prevent dangerous conditions from arising;

(b) Pocono Wild Haven Estates breached its duty to prevent dangerous conditions within the development in that the stop sign that was missing from the intersection of Wooddale Road and Maplewood Drive was a dangerous condition which created a reasonably foreseeable risk of defendant driving through the intersection without stopping; and

(c) Pocono Wild Haven Estates had actual notice or could reasonably be charged with notice of said dangerous condition, and had sufficient time to take measures to protect against the dangerous condition."

In its complaint, specifically those paragraphs cited above, we cannot say with certainty that the law precludes recovery. We may infer that a stop sign was placed at the intersection of Maplewood Drive and Wooddale Road by defendant PWHE. We are also able to infer that at some point in time that stop sign was no longer present at that intersection and that the defendant had knowledge of its absence and failed to remedy the situation. At this preliminary stage, we feel that the plaintiff has pled sufficient facts to overcome the preliminary objections filed by the defendant based on our reading of the *Mindala* case.

## ORDER

And now, December 16, 1993, the preliminary objections of defendant Pocono Wild Haven Estates in the nature of a demurrer are denied. Defendant is directed to file a responsive pleading within 20 days from the date of this order.