## Parton v. Parton

242

C.P. of Monroe County, no. 609 D.R. 1990 and 3181 Civil 1996.

*Donald G. Scheck,* for plaintiff.
*William R. Smith, Vance E. Meixsell* and *G. Christopher Parrish,* for defendants.

WALLACH MILLER, *J.,* December 16, 1996—At the center of this unusual custody case are Christopher Lentz (date of birth 11/25/84), and Richard Fitzgerald (date of birth 2/10/89), who are both children of defendant Dawn Marie Ems Lentz Fitzgerald Parton, mother. Christopher is the son of Mother's first husband, Christopher Lentz Sr., and Richard is the son of Mother's second husband, Richard Fitzgerald Jr. An order granting Mr. Fitzgerald partial custody of Richard was entered in 1991 and modified on October 5, 1992.

Plaintiff Robert Parton, stepfather, is Mother's third husband. Mother and Stepfather began living together in 1990, married in 1992, separated in April of 1996 and are currently undergoing divorce proceedings. On May 23, 1996, Stepfather filed a complaint requesting

partial physical custody of his stepsons two days a week from after school until early evening, additional time in the summer and telephone contact with the boys. Both Mother and Mr. Fitzgerald filed preliminary objections to the complaint, alleging that Stepfather has no standing to bring the custody action.

In ruling upon this demurrer, we must examine the complaint with an eye toward determining its legal sufficiency. *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985). The issue to be resolved is whether, upon the facts averred, the complaint shows with certainty that the plaintiff is not entitled to the legal relief sought. *Kyle v. McNamara and Criste,* 506 Pa. 631, 487 A.2d 814 (1985). In examining the complaint, the court shall accept as true all well-pled, relevant and material facts as well as all inferences fairly deducible from those facts. *County of Allegheny v. Commonwealth, supra; Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976). The court, however, need not accept as true conclusions of law nor unjustified inferences. *Id.* With those principles in mind, we address the matter in this case.

The issue before us is whether Stepfather has standing to bring a custody action.

"The question of standing is rooted in the notion that for a party to [be able to] maintain a challenge to an official order or action, he must be aggrieved in that his rights have been invaded or infringed. The law of standing provides that one cannot evoke the jurisdiction of the court to enforce private rights or to maintain a civil action for the enforcement of such rights, unless he or she has, in an individual or representative capacity, some real interest in the cause of action, or a legal right, title or interest in the subject matter or controversy." *Kellogg v. Kellogg,* 435 Pa. Super. 581, 585-86, 646 A.2d 1246, 1248 (1994).

Persons other than natural parents are "third parties" for purposes of custody disputes. *Mollander v. Chiodo,* 450 Pa. Super. 247, 675 A.2d 753 (1996). Typically,

a third party lacks standing to seek custody against a natural parent. *Cardamone v. Elshoff,* 442 Pa. Super. 263, 659 A.2d 575 (1995). In loco parentis status is an exception to the "third party-lack-of-standing-pre-clusion," and can afford a third party standing. *Id.*

"The phrase in loco parentis refers to a person who puts himself in the situation of assuming the obligations incident [of] the parental relationship without going through the formality of a legal adoption. The status of in loco parentis embodies two ideas: first, the as-sumption of a parental status, and second, the discharge of parental duties." *Gradwell v. Strausser,* 416 Pa. Super. 118, 125, 610 A.2d 999, 1003 (1992).

In this case, the evidence at a hearing did sufficiently indicate that Stepfather attained in loco parentis status. He lived with and cared for the boys for over five years. Both boys have received continuous financial support from plaintiff as well as from their natural fa-thers. He raised them, fed them, bathed them, played with them, attended their little league games, disciplined them and helped them with their homework, all things a parent would do. He was there for them.

Stepfather lived with and cared for these children longer than either of the biological fathers. Mother is now residing with yet another man, and it seems likely that Stepfather is one of the most stable influences in their lives. In today's world, children need all of the resources they can get. It is unfortunate in this case that the parties ask us to deny the children access to a person that clearly cares about their well-being.

We note that the law is constantly evolving and chang-ing in this area. In a recent decision addressing the rights of third parties in custody cases, our Supreme Court held that natural parents no longer have a prima facie right to the custody of their children as against third parties, abrogating the prior rule in *Ellerbe v.*

*Hooks,* 490 Pa. 363, 416 A.2d 512 (1980). *Rowles v. Rowles,* 542 Pa. 443, 668 A.2d 126 (1995).

More recently, in *J.A.L. v. E.P.H.,* 453 Pa. Super. 78, 682 A.2d 1314 (1996), Judge Beck wrote at length recognizing the presence of stepparents in today's society: "we have suggested that where a petitioner who is not biologically related to the child but has established a parent-like relationship with the child seeks not to supplant the natural parent, but only to maintain his relationship with the child through reasonable visitation or partial custody, his burden to establish standing is easier to meet." *Id.* at 89, 682 A.2d at 1320.

We find that plaintiff Stepfather has met his burden of proving by a preponderance of the evidence the requirements of in loco parentis status.

Accordingly, we enter the following order pending petition by any party involved for a conciliation conference pursuant to local rules.

### ORDER

And now, December 16, 1996, the preliminary objections of defendants Dawn Marie Parton and Richard J. Fitzgerald Jr. are dismissed.

Plaintiff shall have partial physical custody of his stepsons, Christopher Lentz and Richard Fitzgerald, each Tuesday and Thursday from after school, or 3:45 p.m., whichever is earlier, through 8:30 p.m., one week during the summer and liberal telephone access. Plaintiff shall provide transportation during his periods of partial custody. These periods of partial custody shall not conflict with any court orders of partial custody for any natural parent.