Scott-Taylor, Inc., Appellant, *v.* Stokes.

Argued April 25, 1967. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lawrence M. Aglow,* for appellants.

*D. T. Marrone,* with him *MacElree, Platt, Marrone & Harvey,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 24, 1967:

On December 6, 1965, the Board of Supervisors of Westtown Township, Chester County, held a public meeting in which it appears there occurred a discussion about a proposed apartment building project. During the course of the argumentation, Milton Stokes, chairman of the Supervisors made the remark: "We don't want anything to happen like Hunters Run. They look like chicken coops."

Stokes here was referring to apartment buildings owned by Hunters Run, Inc., 46% of whose stock was owned by Scott-Taylor, Inc., the president of which is Eugene I. Taylor.

Eugene I. Taylor felt himself tremendously aggrieved by Stokes's lively characterization of a project of which he was the builder and developer. Thus, with Scott-Taylor, Inc., he brought a suit in trespass against Milton Stokes charging him with libel and slander, averring that Stokes made his statement maliciously, knowing it to be untrue and intending it to injure him and his company.

The defendant filed preliminary objections in the form of a demurrer which were sustained by the court. The plaintiffs appealed.

It is apparent from the record that the plaintiff Eugene I. Taylor is a person of sensitivity, a trait not to be treated lightly and one which makes excellent substance in the pillar of good character. Even so, Mr. Taylor must know that there is a great deal of unkindness in the world and considerably more loose talk. If every person who is offended in the manner indicated here, were to run to court for balm for his injured feelings, there would not be enough courthouses in the land to accommodate the resulting litigation. There must be more than an abrasion of sentiment before the law requires that the courts tender therapeutic treatment and surgical attention.

It is not enough that the victim of the "slings and arrows of outrageous fortune", be embarrassed or annoyed, he must have suffered that kind of harm which has grievously fractured his standing in the community of respectable society. We said in *McAndrew v. Scranton Repub. Pub. Co.,* 364 Pa. 504, 510-11: "Statements cannot be adjudged defamatory merely because they are annoying and embarrassing to the person to whom they are attributed . . . Annoyance does not constitute defamation. It would doubtless be very annoying for a man to be charged with bigotry of any kind, yet it has been held that for a man to be charged with such bigotry is not defamation . . . (citing cases). And in Sweeney v. Philadelphia Record Company (CCA, 3d Cir.) 126 Fed. (2d) 53, where there was a similar action based on the same syndicated article, the Circuit Court of Appeals held that the publication 'at the most charged (the congressman) with being a bigoted person' who was actuated by a prejudice of an unpleasant and undesirable kind but it was not libelous per se and the action could not be sustained."

To allow a recovery in a case of this kind would be to seriously infringe on the right of free speech. Certainly Milton Stokes had the right to express his view of Hunters Run. He chose to use a synonym, instead of describing the buildings in any technical, architectural language. He said the houses "look like chicken coops." We do not see that this, in itself, casts any reflection on Mr. Taylor's abilities as a builder and developer. The chicken coop of today is not the small, ill-kept, mucky shanty of two or three decades ago. Today chicken coops, like dog kennels, horse stables, cow barns and even bird houses are often large airy structures of impeccable cleanliness, shining elegance, and attractive architectural design, as appealing to the eye as they are unoffending to the nose.

It is not evident how Taylor could possibly have been hurt by Stokes' extemporaneous characterization. Indeed, it is even possible that many persons, out of curiosity, would want to go see the Hunters Run project, who, otherwise, would not have been interested. There, they would see that, no matter on what pretentious scale a modern chicken coop could be built, it still could not measure up to the good-looking habitations occupying Hunters Run. In the end, the plaintiffs could have benefited rather than have been hurt by the defendant's fowl, and not foul, outburst.

Milton Stokes evidently does not like the Hunters Run houses and he exaggeratedly called them chicken coops. This did not accord Eugene Taylor the right to sue him for slander any more than Stokes would have had the right to sue Taylor if Taylor had exaggeratedly referred to the Hunters Run houses as surpassing the architectural grandeur of the Palace of Versailles or the Buckingham Palace.

. Clarity in the communication of ideas is improved and very frequently enlivened by the use of appropriate synonyms and metaphors. Thus, the plaintiffs are not to be offended if their lawsuit is referred to as a tempest in a teapot, a hurricane in a fish bowl, or a Pickett's Charge in a chicken coop.

Judgment affirmed.

Mr. Chief Justice BELL, Mr. Justice JONES, Mr. Justice EAGEN, Mr. Justice O'BRIEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.