## Harris v. Bucks County S.P.C.A.

*Stephen B. Harris*, for plaintiffs.
*George M. Bush*, for defendants.

BECKERT, *J.*, August 23, 1977—In January, 1976, plaintiffs began preparing to re-enact a cattle

drive which had taken place in 1778 under the direction of General George Washington through various counties in New Jersey and Pennsylvania. The re-enactment was to commence on or about June 10, 1976, and was to follow the same route as had the original drive.

The Bucks County Society for the Prevention of Cruelty to Animals (SPCA) through its employe, defendant Jo Irwin, publicly took a stand in opposition to the drive, denouncing it as being cruel and a "callous exploitation of animals . . ." The SPCA's position was communicated through newspaper interviews with defendant Irwin and by letters which she sent to the governing bodies of various municipalities through which the cattle drive was scheduled to pass. Those letters contained the following language:

"Certainly, the driving of 40 to 50 steers a distance of 112 miles in mid-June along concrete highways, subjected to heat and the stress of traffic, bears little relation to the expedition of General "Mad" Anthony Wayne in the spring of 1778. It appears to be simply a callous exploitation of animals—and history—for publicity and to promote the interests of the proprietors of Cowtown.

"Bucks County SPCA is opposed to the cattle drive as cruel, irresponsible and unworthy of the anniversary it purports to commemorate. We hope that you will refuse to allow the cattle drive to proceed through your municipality."

Plaintiffs allege that, as a result of those publications, the governing bodies of various municipalities refused permission for the re-enacted drive to pass through their boundaries. In their amended

complaint, plaintiffs contend that defendants' public statements were false and defamatory and injurious to plaintiffs' business reputation.

Before us for disposition now are defendants' preliminary objections in the nature of a demurrer to the amended complaint, and defendants' principal argument is simply that the words complained of were not defamatory when considered in their plain and popular sense and given their natural meaning: Village 2 at New Hope, Inc. v. Hausman, 66 D. & C. 2d 207, 25 Bucks 272 (1974); Thompson v. Farley, 35 D. & C. 2d 157, 14 Bucks 289 (1964); Corabi v. Curtis Publishing Company, 441 Pa. 432, 273 A. 2d 899 (1971). If the words, thus viewed, convey even indirectly a degrading imputation, they are libelous: Miller v. Hubbard, 205 Pa. Superior Ct. 111, 207 A. 2d 913 (1965).

We must agree with defendants' assertion that the written and oral statements made by Jo Irwin (as set forth in paragraphs 11 and 12 of the amended complaint) cannot reasonably be viewed as a criticism of plaintiffs themselves but rather as a commentary on the advisability of plaintiffs' proposed cattle drive. While the statements may well have caused some considerable annoyance or embarrassment to plaintiffs, they nevertheless did not rise above being mere expressions of a justifiable difference of opinion which, without more, could not be taken as defamatory: Redding v. Carlton, 223 Pa. Superior Ct. 136, 296 A. 2d 880 (1972). We do not believe that defendant Irwin's words, which focused solely upon the particular event of the anticipated re-enactment, could reasonably have been construed by a listener or reader as being anything more than a public expression of

the opinion held by her and by the SPCA that plaintiffs' particular proposal was blatantly unreasonable. To those words cannot be fairly ascribed the far broader implications, read into them by plaintiffs, that plaintiffs generally exhibit an uncaring and cruel attitude toward their animals in the everyday conduct of their business as proprietors of a rodeo. The language chosen by Jo Irwin falls far short of the kind of ". . . maliciously written or printed publication which tends to blacken a person's reputation or expose him to public hatred, contempt or ridicule, or to injure him in his business or profession . . ." as has been construed by our courts to be libelous: Corabi v. Curtis Publishing Company, supra, at page 441 and other cases cited thereat. While defendant Irwin might well have utilized phraseology which was less inflammatory than her reference to plaintiffs' alleged "callous exploitation of animals" and her characterization of the cattle drive as "cruel, irresponsible and unworthy of the anniversary it purports to commemorate," we nevertheless do not believe that those words caused plaintiffs to suffer anything more than an "abrasion of sentiment" which is not sufficient basis for an award of damages: Scott-Taylor, Inc. v. Stokes, 425 Pa. 426, 229 A. 2d 733 (1967); Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677 (1962). Nor do we feel that the communications objected to would have tended to lower plaintiffs in the estimation of their community or to deter third persons from dealing with them: Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A. 2d 472 (1960); Restatement, 2d, Torts, §559.

We likewise find in the facts pleaded no innuendo or statement of extrinsic facts which would support

a finding that defendants' words were actionable per quod. This is clearly not a case where the words used were equivocal or unclear in their meaning. Rather, they could easily be read in their everyday, popular sense and that is exactly how we must view them. The speaker, or writer, is accountable for the import of the words as they would naturally be understood by the hearer or reader, without resorting to innuendo or ingenuity: Richwine v. Pittsburgh Courier Publishing Co., Inc., 186 Pa. Superior Ct. 644, 142 A. 2d 416 (1958).

Thus, we conclude as a matter of law that plaintiffs' amended complaint, with its claims for compensatory, special and punitive damages fails to state any cause of action for defamation, either per se or per quod: Corabi v. Curtis Publishing Company, supra; Kernick v. Dardanell Press, 428 Pa. 288, 236 A. 2d 191 (1967); Miller v. Hubbard, supra.

## ORDER

And now, August 23, 1977, defendants' demurrer to plaintiffs' amended complaint in trespass is sustained and the amended complaint is dismissed with prejudice.