## Baker v. Greenwood Village Volunteer Fireman and Relief Assn., Inc.

*Thomas J. Doerr,* for plaintiffs.
*Richard W. Givan,* for defendants.

BRYDON, *J.,* December 11, 1985—The test a court uses in ruling on a demurrer in the form of a preliminary objection is whether, upon the facts averred, it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish his rights to relief. Firing v. Kephart, 466 Pa. 560, 353 A.2d 833 (1976). The issue raised by a demurrer is not whether applicable law is clear and free from doubt, id., or whether the

statement of the pleader's claim is so clear in both form and specification as to entitle the pleader to proceed to trial without amending it. The issue before this court, and the only issue, is whether the facts in the pleading itself are sufficient to entitle the claimant to relief.

Viewed in this fashion, the complaint discloses the following facts. Plaintiffs were members of the Greenwood Village Volunteer Fireman and Relief Association. During the course of their being dismissed, plaintiffs' claim that they were defamed at fire company meetings on February 10, 1982 and December 21, 1982, and by letter dated February 11, 1982.

On February 10, 1982, at a meeting of the fire company and in the presence of those members in attendance, there was a discussion concerning the bingo game's missing funds. In their complaint, plaintiffs state "Defendants did publish and communicate defamatory words . . . that plaintiff was suspended for missing and mishandled funds . . . ."

On December 21, 1982, plaintiffs state that defendants "at a meeting of the membership of Greenwood Village, in the presence of those members in attendance, did speak and publish that the bingo games held at the Greenwood Village Fire Hall be suspended until such later time as inconsistencies with the funds from those games could be resolved." Plaintiffs state that the fact that they were accused of the missing funds, coupled with the suspension of the bingo games, is equivalent to an act of defamation.

Plaintiffs also claim that the letter of February 11, 1982, sent only to the four plaintiffs, is defamatory:

"You are hereby officially notified of your suspension from GVVFD until further notice. This is because of the investigation of missing and mishan-

dling of funds of this company, with which the evidence shows us you may be possibly involved. This suspension is for your own benefit as well as ours and the company. We, the company, do not want to go outside the department for the embarrassment it may cause all parties involved.

"You are hereby requested to turn in all the fire company's property. This includes keys, monitors, paper and documents, etc., to the board and the Chief respectfully [sic]. You are also expected to remain off fire department property until further notice unless requested by the board to appear at a meeting.

"We would like your cooperation so that we may clear this matter up as quickly as possible. If there are any questions or anything that can help this investigation please feel free to contact any board member."

Plaintiffs allege that as a result of these publications they have suffered damages to their reputation and good character. Defendants respond that, as a matter of law, the statements made at the meetings and in the letter are incapable of defamatory meaning.

The issue of whether or not a writing is fairly or reasonably capable of being found libelous, or a statement slanderous, is a question of law for the court. Kernick v. Dardanell Press, 428 Pa. 280, 236 A.2d 191 (1967). If the alleged defamation is determined not to be so capable of a defamatory meaning as a matter of law, then the case will be terminated prior to its going to the fact finder. Doman v. Rosner, 246 Pa. Super. 616, 371 A.2d 1002 (1977).

The definition of defamation is:

". . . (a statement that) tends to do harm to the reputation of another as to lower him in the estimation of the community or to deter third persons from

associating or dealing with him." See Cosgrove Studio and Camera Shop, Inc. v. Pane, 408 Pa. 314, 182 A.2d 751 (1962).

Our Supreme Court has further provided that, while a statement may be personally annoying or embarrassing, annoyance does not constitute defamation and that to be capable of defamatory meaning, a statement must impart the kind of harm that grievously fractures plaintiff's standing in the community of respectable society. Scott-Taylor, Inc. v. Stokes, 425 Pa. 426, 229 A.2d 733 (1967).

Providing valuable guidance for our determination in this matter, the Restatement (Second) Torts, §566, comment c states:

"A simple expression of opinion based on disclosed or assumed nondefamatory fact is not itself sufficient for an action of defamation, no matter how unjustified and unreasonable the opinion may be or how derogatory it is."

The letter and statements set forth in the complaint state nothing more than, in very general terms, that plaintiffs were involved in the bingo games run by the Greenwood Village V.F.D. and that they may possibly be involved in the missing and mishandling of funds. Our interpretation of these letters is that they are expressions of opinions. Opinion without more is not actionable defamation. Restatement (Second) Torts §566; Gordon v. Lancaster Osteopathic Hospital, 340 Pa. Super. 253, 489 A.2d 1364 (1985).

As for suspending the bingo games, one could relate that to plaintiffs, but no specific mention was made towards plaintiffs when the bingo games were stopped. If funds are missing we agree with the board of directors of the G.V.V.F.D. that something had to be done and putting a halt to the bingo games was a start.

In light of the Constitutional First Amendment Right of Free Speech in comparison with the statements which were actually made, we find as a matter of law that the statements made at the meetings and in the letter are incapable of defamatory meaning.

## ORDER

And now, this December 11, 1985, after careful consideration of all matters of record and applicable case law, it is ordered that defendants' preliminary objections are granted and plaintiffs' case dismissed with prejudice.