J-A22006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LUIGI DEFRANCESCO, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY A. BROOKS | : | |
| | : | No. 1485 WDA 2021 |

Appeal from the Judgment Entered November 24, 2021
In the Court of Common Pleas of Crawford County Civil Division at No(s):
AD 2021-372

BEFORE:   OLSON, J., DUBOW, J., and COLINS, J.*

MEMORANDUM BY OLSON, J.:                    **FILED: DECEMBER 28, 2022**

Appellant, Luigi DeFrancesco, appeals *pro se* from an order entered in the Court of Common Pleas of Crawford County on November 24, 2021. The order challenged on appeal awarded summary judgment in favor of Jeffrey A. Brooks (Brooks) and dismissed Appellant's defamation claims. We affirm.

Appellant and Brooks are both members of the Penncrest public school board in Crawford County. On July 15, 2021, Appellant filed a *pro se* civil complaint alleging that Brooks defamed him in seven separate social media posts discussing Appellant's conduct and policy viewpoints relevant to Penncrest school board functions.[1] Appellant's complaint alleged that Brooks published statements that were false, malicious, and harmful to Appellant.

---

* Retired Senior Judge assigned to the Superior Court.

[1] In its November 24, 2021 opinion and order, the trial court described in detail each posting by Brooks that is alleged to have defamed Appellant. ***See*** Trial Court Opinion, 11/24/21, at 3-10.

The complaint further alleged that Brooks knew his statements were false but proceeded with publication in reckless disregard of the truth. Appellant complained that Brooks' statements impaired his reputation within the community, which had negative effects on his business, social, and family relationships. For each of these reasons, Appellant claimed that he made the requisite showing under 42 Pa.C.S.A. § 8343 (setting forth the burdens of proof allocated to the parties in an action for defamation) and that he was entitled to recover $30,000.00 in damages from Brooks.

On July 27, 2021, Brooks responded to Appellant's complaint. Thereafter, on August 11, 2021, Appellant filed a motion for summary judgment. Appellant filed a brief in support of his motion on August 19, 2021 and filed an addendum to his motion/brief on September 20, 2021. The trial court entertained oral argument by the parties on September 27, 2021 and, by order and opinion entered on November 24, 2021, awarded judgment in favor of Brooks, concluding (as a matter of law) that the challenged statements were incapable of defamatory meaning and that the record was devoid of proof that Brooks harbored actual malice[2] when he published the challenged remarks.

_____

[2] The trial court applied a legal standard that required actual malice in the publication of defamatory statements since Appellant was an elected member of the Penncrest public school board. *See* Trial Court Opinion, 11/24/21, at 2, *quoting* ***American Future Systems, Inc. v. Better Business Bureau of Eastern Pennsylvania***, 923 A.2d 389, 400 (Pa. 2007) ("If the plaintiff is a public official or public figure [] and the statement relates to a matter of public

*(Footnote Continued Next Page)*

- 2 -

Appellant filed a notice of appeal on December 15, 2021. On December 23, 2021, the trial court, pursuant to Pa.R.A.P. 1925(b), ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days. Appellant timely complied on December 29, 2021. The trial court issued its opinion under Pa.R.A.P. 1925(a) on January 5, 2021.[3]

On appeal, Appellant claims that the trial court erred and/or abused its discretion in refusing to enter summary judgment in his favor. First, Appellant claims that the trial court abused its discretion in relying upon Brooks' response to Appellant's complaint since the response was never served and "contained neither [an] oath nor affirmation, nor any proof." Appellant's Brief at 12 and 14. Second, Appellant claims that the trial court abused its discretion in denying his motion for summary judgment because Appellant offered proof that Brooks' statements were false, Brooks failed to demonstrate that his comments were true, and Brooks' repeated publication of false statements demonstrated actual malice.

When reviewing a grant of summary judgment, the scope and standard of review are as follows:

_____

concern, then to satisfy First Amendment strictures the plaintiff must establish that the defendant made a false and defamatory statement with actual malice.") (citations omitted).

[3] In its Rule 1925(a) opinion, the court incorporated its November 24, 2021 determinations that "the seven statements alleged by [Appellant] were individually and collectively found incapable of defamatory meaning nor was there evidence of any actual malice by Brooks." Trial Court Opinion, 1/5/22, at 2.

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: an appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Jones v. Levin*, 940 A.2d 451, 452–454 (Pa. Super. 2007) (internal citations omitted).

We first consider Appellant's claim that the trial court erred and/or abused its discretion in considering Brooks' response to the complaint when denying Appellant's motion. We then address the merit of Appellant's substantive defamation claims.

Appellant complains that the trial court should have entered judgment in his favor since Brooks did not respond to the complaint or, alternatively, Brooks' responsive submission was unsigned and unverified. **See** Appellant's Brief at 13-14. In rejecting this claim, the trial court stated in its January 5, 2022 Rule 1925(a) opinion that:

- 4 -

> Contrary to [Appellant's] contention, Brooks in fact timely filed a document titled "Response," in which he specifically disputed each of [Appellant's] seven claims for defamation. While Brooks' response reflected its *pro se* authorship, there was never a motion to strike it filed by [Appellant]. Hence, it remains a pleading in which Brooks set forth his reasons why each of [Appellant's] claims are without merit.
>
> Secondly, at no time did [Appellant] ever file or serve on Brooks a [n]otice of [i]ntention to [t]ake [d]efault [j]udgment for [f]ailure to [f]ile an [a]nswer pursuant to Pa.R.C.P. 237.1(a)(2)(ii). Without the required *praecipe* putting Brooks on a ten-day notice of a possible default judgment against him, [Appellant] is not entitled to any relief.
>
> Notably, [Appellant's m]otion for [s]ummary [j]udgment filed on August 11, 2021 was an attempt to snap a judgment prematurely.
>
> Thirdly, [Appellant] did not contend or establish that he suffered any prejudice. He has been on notice of the challenges by Brooks to his [c]omplaint by virtue of the written [r]esponse filed a week after service of the [c]omplaint on Brooks (and 12 days after the [c]omplaint was filed).

Trial Court Opinion, 1/5/22, at 2.

We agree with the trial court's conclusion that, in the circumstances of this case, Appellant is not entitled to relief. Here, Brooks' response to Appellant's complaint did not fully comport with our rules of civil procedure. As the trial court correctly observed, however, if Appellant objected to the form (or lack of service) of Brooks' response, he had the option to move to strike the responsive submission or he could pursue a default judgment after filing a ten-day notice. Appellant did neither. Instead, Appellant elected to seek summary judgment, a procedural device aimed at testing the substantive merit of Appellant's defamation claims. Our procedural rules employ certain

- 5 -

safeguards which preclude the entry of adverse judgments without first affording a party some opportunity to cure defective submissions. The trial court did not err in observing those procedural prerequisites.

We now address Appellant's claims that the trial court erred in rejecting the substantive merit of his defamation claims.

> In an action for defamation, the plaintiff must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of its defamatory meaning; (5) understanding by the recipient of it as intended to be applied to plaintiff; (6) special harm to the plaintiff; (7) abuse of a conditionally privileged occasion. Initially, it is the function of the court to determine whether the communication complained of is capable of a defamatory meaning. A communication is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him. A communication is also defamatory if it ascribes to another conduct, character or a condition that would adversely affect his fitness for the proper conduct of his proper business, trade or profession. If the court determines that the challenged publication is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial; however, if there is an innocent interpretation and an alternate defamatory interpretation, the issue must proceed to the jury.
>
> Further, when determining whether a communication is defamatory, the court will consider what effect the statement would have on the minds of the average persons among whom the statement would circulate. The words must be given by judges and juries the same significance that other people are likely to attribute to them.
>
> When raised by a public official concerning statements bearing on a matter of public concern, claims for defamation are subject to an onerous standard of proof, owing to considerations of free speech that inhere to any claim that implicates the First Amendment. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990) (emphasizing the obligation of appellate courts to ensure

that judgments entered pursuant to state tort law do not intrude on the "field of free expression").  Consequently, our Courts' First Amendment jurisprudence makes clear that "statements on matters of public concern must be provable as false before there can be liability under state defamation law, at least in situations ... where a media defendant is involved[.]" ***Id.*** at 19–20, *citing **Philadelphia Newspapers, Inc. v. Hepps***, 475 U.S. 767 (1986).[4]  Moreover, even "a statement of opinion relating to matters of public concern that does not contain a provably false connotation will receive full constitutional protection." ***Milkovich*** 497 U.S. at 19-20, *citing **Hepps, supra***.

***Krajewski v. Gusoff***, 53 A.3d 793, 802-803 (Pa. Super. 2012); ***see also*** 42 Pa.C.S.A. § 8343 (delineating the parties' burden of proof in a defamation action).

In ***Weber v. Lancaster Newspapers, Inc., et al.***, 878 A.2d 63 (Pa. Super. 2005), *appeal denied*, 903 A.2d 539 (Pa. 2006), this Court explained the test used to determine whether a communication has "defamatory character:"

In an action for defamation, the plaintiff has the burden of proving ... the defamatory character of the communication.  It is the function of the court to determine whether the challenged

---

[4] In ***Hepps*** and ***Milkovich***, the United States Supreme Court reserved judgment on whether the requirement of actual malice applied in cases that did not involve media defendants.  ***See Hepps***, 475 U.S. at 779 n.4; ***see also Milkovich***, 497 U.S. at 20 n.6.  Our own decisions, however, appear to extend the actual malice rule to cases that do not involve media defendants, so long as the challenged statement involved a matter of public concern.  ***See Kuwait & Gulf Link Transport Co. v. Doe***, 216 A.3d 1074, 1087 n.4 (Pa. Super. 2019) (rejecting claim that plaintiff in defamation cases did not have to show falsity where defendant was not part of the news media and concluding that "a plaintiff asserting defamation concerning a publication of a matter of 'public concern' bears the burden of proving that the publication was false"), *appeal denied*, 226 A.3d 92 (Pa. 2020).  As stated above, Brooks' postings pertained to Appellant's conduct and policy viewpoints concerning a local school board.

publication is capable of a defamatory meaning. If the court determines that the challenged publication is not capable of a defamatory meaning, there is no basis for the matter to proceed to trial.

To determine whether a statement is capable of a defamatory meaning, we consider whether the statement tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third parties from associating or dealing with him. Libel is the malicious publication of printed or written matter which tends to blacken a person's reputation and expose him to public hatred, contempt or ridicule. The court must view the statements in context.

Words which standing alone may reasonably be understood as defamatory may be so explained or qualified by their context as to make such an interpretation unreasonable. Thus, we must consider the full context of the article to determine the effect the article is fairly calculated to produce, the impression it would naturally engender, in the minds of the average persons among whom it is intended to circulate.

It is not enough that the victim of the [statements] ... be embarrassed or annoyed, he must have suffered the kind of harm which grievously fractured his standing in the community of respectable society.

**Weber**, 878 A.2d at 78, *quoting* **Tucker v. Phila. Daily News**, 848 A.2d 113, 123–124 (Pa. 2004) (internal citations and quotations omitted); **Scott-Taylor Inc. v. Stokes**, 229 A.2d 733, 734 (Pa. 1967); **Blackwell v. Eskin**, 916 A.2d 1123, 1125 (Pa. Super. 2007).

In determining whether a statement is capable of defamatory meaning, a distinct standard is applied if the publication is of an opinion. **Veno v. Meredith**, 515 A.2d 571, 575 (Pa. Super. 1986), *appeal denied*, 616 A.2d 986 (Pa. 1992). "A statement in the form of an opinion is actionable only if it may reasonably be understood to imply the existence of undisclosed

defamatory facts justifying the opinion. A simple expression of opinion based on disclosed ... facts is not itself sufficient for an action of defamation." **Id.** (internal citations omitted); **see also Neish v. Beaver Newspapers, Inc.**, 581 A.2d 619, 622–624 (Pa. Super. 1990), *appeal denied*, 593 A.2d 421 (Pa. 1991) (criticism of the way appellant handled his job and suggestions that he should be replaced were opinions not based on undisclosed defamatory facts and were not actionable; while statements "might be viewed as annoying and embarrassing, [they were] not tantamount to defamation").

We have carefully reviewed the certified record, the submissions of the parties, and the pertinent case law. Based upon our review, we conclude that the trial court correctly determined, as an initial matter of law, that Brooks' seven social media postings were either true or incapable of defamatory meaning since they pertained to matters of public concern (*e.g.* Penncrest school board policy and functions), could not reasonably be understood to have grievously fractured Appellant's standing in the community, and/or because the statements simply expressed opinions based on known facts and did not imply the existence of undisclosed false or defamatory facts. **See** Trial Court Opinion, 11/24/21, at 3-10. As such, the trial court properly entered judgment in favor of Brooks. Because we further conclude that the trial court adequately and accurately resolved the issues Appellant raised on appeal, we adopt the trial court's November 24, 2021 opinion as our own. The parties

are therefore directed to include a copy of the trial court's November 24, 2021 opinion with all future filings pertaining to the disposition of this appeal.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/28/2022