In re Maynard A. HAMILTON, Jr., Magisterial District Judge In and For Magisterial District 02–3–03, Lancaster County.

No. 2 JD 06.

Court of Judicial Discipline of Pennsylvania.

July 27, 2007.

**ORDER**

PER CURIAM.

AND NOW, this 27th day of July, 2007, after hearing on the question of sanctions held on July 18, 2007 before the full Court, it is hereby ORDERED:

1. that Respondent be suspended without pay from the performance of his duties of Magisterial District Judge for a period of nine (9) months;

2. that the suspension from office shall commence August 1, 2007;

3. that Respondent shall be on probation for one (1) year following his suspension. Said probation shall be subject to the supervision of this Court and shall be subject to the condition that Respondent report monthly to the Chief Counsel of the Judicial Conduct Board or his designee, at the times prescribed by the Judicial Conduct Board, and the Judicial Conduct Board shall file a written report monthly with this Court advising that, to its knowledge the Respondent has, or has not, been in compliance with the Rules Governing Standards of Conduct of Magisterial District Judges and the provisions of Article V of the Pennsylvania Constitution pertaining to the conduct of Magisterial District Judges;

4. in the event Respondent fails to comply with the conditions of probation, the Court may proceed forthwith to consider the imposition of other sanctions.

MUSMANNO, J., files a dissenting statement in which STREIB, J., joins.

DISSENTING STATEMENT OF Judge MUSMANNO.

I respectfully dissent from the sanction order imposed by the Court in the above-captioned matter.

While I certainly do not countenance the conduct of Respondent in this case and joined in the Court's opinion which expressed strong disapproval of the conduct, I believe the Court, in imposing the sanction of nine months suspension without pay was unduly harsh and did not give sufficient weight to the testimony at the sanction hearing which established the following.

1. Respondent has served as a judge since 1988—almost 20 years—and this is the sole episode of non-judicial conduct during those years.

2. There is no pattern of violent conduct or of Respondent losing his temper.

3. Respondent has always conducted his courtroom with decorum, and with respect for litigants, witnesses, lawyers and all who come before him.

4. Respondent has apologized to Sergeant Buser, the victim of his assault, as well as to his wife.

5. Sergeant Buser and Respondent have a friendly relationship, more so now

than before this incident. Further, Sergeant Buser testified on Respondent's behalf at the sanction hearing.

6. Respondent cooperated with the Board by stipulating to the essential facts here at issue.

7. Respondent has expressed remorse for his conduct which gave rise to the Board's charges.

Accordingly, I believe the sanction of nine months suspension without pay followed by probation for one year is too severe.

STREIB, J., joins in this dissenting statement.