Allan C. BERKHIMER, Petitioner

v.

STATE EMPLOYEES' RETIREMENT BOARD, Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 15, 2012.

Decided Jan. 14, 2013.

Samuel C. Stretton, West Chester, for petitioner.

Paul M. Stahlnecker, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Allan C. Berkhimer (Berkhimer) petitions for review of the October 6, 2011 order of the State Employees' Retirement Board (Board), which affirmed the decision of the State Employees' Retirement System (SERS) forfeiting Berkhimer's entire accrued pension benefit following his removal from the office of Magisterial District Judge by the Court of Judicial Discipline.

## I. Background

The underlying facts of this case are not in dispute. Berkhimer was first elected District Judge, now known as Magisterial District Judge, in 1987. He took office on January 4, 1988, at which time he became a member of SERS. Berkhimer was subsequently re-elected in 1993 and 1999. On January 18, 2002, Berkhimer purchased 3.5 years of service credit for his active-duty, non-intervening military service from September 5, 1972, through March 4, 1976.[1]

On April 14, 2004, the Judicial Conduct Board filed an initial complaint against Berkhimer. On June 15, 2004, the Judicial Conduct Board filed an amended complaint recommending that Berkhimer be subject to disciplinary action pursuant to Article V, section 18 of the Pennsylvania Constitution based upon a number of factual situations in which Berkhimer directed improper language to his staff, some of which had sexual connotations. The amended complaint alleged that Berkhimer's conduct was so pervasive and extreme that it brought his judicial office into disrepute.

On April 14, 2005, the Court of Judicial Discipline issued an opinion and order finding that Berkhimer's conduct had in-deed brought his judicial office into disrepute in violation of Article V, section 18(d)(1) of the Pennsylvania Constitution. On June 28, 2005, the Court of Judicial Discipline issued a final order removing Berkhimer from his judicial office. Berkhimer appealed his removal to the Pennsylvania Supreme Court, which issued an opinion and order on August 20, 2007, affirming the Court of Judicial Discipline's final order.[2]

By letter dated April 24, 2006, SERS notified Berkhimer that, as a result of his removal from judicial office, his entire accrued pension benefit, including his credited military service, had been forfeited. Berkhimer appealed, and the SERS Appeals Committee stayed the matter pending his appeal of his removal from office to the Supreme Court. Following the Supreme Court's decision, the SERS Appeals Committee denied Berkhimer's appeal, citing Article V, section 16(b) of the Pennsylvania Constitution[3] and section 3352(a) of the Judicial Code, 42 Pa.C.S. § 3352(a),[4] both of which preclude any justice or judge who is suspended or removed from office under Article V, section 18 from receiving a salary, retirement benefit, or other compensation.

1. Berkhimer purchased this service credit via the establishment of an actuarial debt on his SERS retirement account, whereby the amount of the purchase price and accumulated interest is paid by reducing the present value of the member's benefit at the time the member retires. However, the 3.5 years of service credit was immediately applied to his retirement account in 2002.

2. In March of 2006, Berkhimer obtained employment with the Pennsylvania Department of Corrections as a corrections officer.

3. Article V, section 16(b) of the Pennsylvania Constitution states that:

Except as provided by law, no salary, retirement benefit or other compensation, pres-ent or deferred, shall be paid to any justice, judge or justice of the peace who, under section 18 or under Article VI, is suspended, removed or barred from holding judicial office for conviction of a felony or misconduct in office or conduct which prejudices the proper administration of justice or brings the judicial office into disrepute.

4. Section 3352(a) of the Judicial Code states, in pertinent part, that:

No salary, retirement benefit or other compensation shall be paid to any judge or magisterial district judge who is suspended or removed from office under section 18 of Article V or under Article V I of the Constitution of Pennsylvania.

Berkhimer appealed to the Board. Berkhimer alleged that the forfeiture of his pension: (1) violates *ex post facto* provisions of the Pennsylvania Constitution and constitutes an impairment of his retirement contract; (2) violates a liberty interest or due process; (3) results in the diminishment of his judicial compensation in violation of Article V, section 16(a) of the Pennsylvania Constitution; (4) lacks uniform enforcement; and (5) improperly eliminates his purchased military service. Alternatively, Berkhimer alleged that he should maintain his military service credit and state service credit accumulated prior to 1993, when the Pennsylvania Constitution and relevant statutes were amended to include the forfeiture of retirement benefits.[5]

The matter was assigned to a hearing officer, who conducted a hearing on June 10, 2010. Berkhimer testified on his own behalf, relating a history of his prior military service and his election and re-elections as a Magisterial District Judge. Berkhimer indicated that he vigorously contested the allegations against him before the Court of Judicial Discipline and was successful in having several charges dismissed, including a charge of misconduct in office. Berkhimer acknowledged, however, that he was found to have brought his judicial office into disrepute as a result of at least ten instances where he used foul, abusive, and sexually connotative language with his female staff. Berkhimer also acknowledged that he was found to have violated Rule 3B of the Rules Governing Standards of Conduct of District Justices by sending congratulatory and sympathy notes to constituents, which the Court described as an ongoing political campaign or a gainful pursuit intended to improve his chances for re-election.[6]

Dana Shettel, an administrative officer for SERS' bureau of benefit administration, testified regarding the procedural history of the case. Christine Holley, SERS' director of membership services, testified regarding a member's purchase of military service. Holley explained that such service becomes part of a member's retirement account on the date of purchase. Holley noted that Berkhimer chose to purchase his prior military service in 2002 via actuarial debt, which accumulates interest at the rate of four percent and is ultimately deducted from the present value of a member's account when the member retires. Holley specifically testified that SERS standard practice is to include any purchased service in a forfeiture and not allow such service to be re-purchased at a later time. On cross-examination, Holley conceded that the forfeiture provisions of the Pennsylvania Constitution did not come into effect until 1993. Holley was unaware of any other judicial officers who kept their full pensions after their offices were found to be in disrepute.

The hearing officer issued a proposed adjudication and order denying Berkhimer's appeal, with the exception of his 3.5 years of military service credit. The hearing officer allowed Berkhimer to re-purchase this credit. Both Berkhimer and the Board filed exceptions. The Board's ex-

---

5. Prior to the 1993 amendments, Article V, section 16(b) of the Pennsylvania Constitution only provided for the forfeiture of compensation, stating, in pertinent part, that "[n]o compensation shall be paid to any justice, judge or justice of the peace who is suspended or removed from office under section eighteen of this article or under article six."

6. Rule 3B stated that "[a] district justice shall not use or permit the use of the premises established for the disposition of his magisterial business for any other occupation, business, profession or gainful pursuit."

ception was limited solely to the military service credit.

In his exceptions, Berkhimer first alleged that the provisions of the Pennsylvania Constitution and Judicial Code are contradictory and preclude forfeiture of his judicial pension. Berkhimer also alleged that the forfeiture of his pension was extremely unfair based upon his improper conduct. Berkhimer's remaining exceptions mirrored his original allegations to the Board regarding *ex post facto* provisions and impairment of contract, violation of liberty interest or due process, diminishment of his judicial compensation in violation of Article V, section 16(a) of the Pennsylvania Constitution, and lack of uniform enforcement.

On October 6, 2011, the Board issued an opinion and order overruling and dismissing Berkhimer's exceptions and sustaining the Board's exception. The Board directed that all of Berkhimer's credited state and purchased non-state military service be forfeited. The Board first held that a review of the constitutional and statutory provisions at issue reveals no inconsistencies or contradictions. Next, the Board stressed that, despite Berkhimer's characterization of his actions as "minor instances of jovial repartee … neither the Judicial Code nor the Pennsylvania Constitution give SERS or this Board any discretion to weigh the magnitude of a disgraced jurist's transgression against the penalties triggered by his or her removal." (Board op. at 3.) Rather, the Board indicated that the explicit text of Article V, section 16(b) of the Pennsylvania Constitution and section 3352(a) of the Judicial Code preclude any jurist removed

from office from receiving a retirement benefit.

The Board next rejected Berkhimer's *ex post facto* and impairment of contract claims, noting that Berkhimer was reelected in 1993 and 1999, thereby renewing his employment contract with the Commonwealth subject to the law in effect at the time his new term commenced. The Board also noted that Berkhimer's removal occurred long after the forfeiture provisions took effect. In support of its decision, the Board cited *Shiomos v. State Employes' Retirement Board*, 533 Pa. 588, 626 A.2d 158 (1993), wherein our Supreme Court held that a public official, at every new term of employment, renews his pension contract to include his new public service and to place at risk that which was already earned.[7] In other words, a public official's re-election to office renews the official's employment contract subject to the law as it stands at the time the new term of office commences.

The Board next indicated that Berkhimer was afforded due process to contest the forfeiture and never specified or expanded upon the nature of the liberty interest that the Board purportedly violated. Regarding diminution of his judicial compensation, the Board concluded that Berkhimer was fully aware of the 1993 amendments to the Pennsylvania Constitution and Judicial Code and that these amendments did not affect his independence as a Magisterial District Judge or otherwise infringe upon the judiciary's overall independence. Finally, the Board held that Berkhimer failed to present sufficient evidence to establish the purported lack of uniform enforcement of the forfeiture provisions.

---

7. In *Shiomos*, the Supreme Court rejected the argument of former Judge Thomas N. Shiomos that application of the Public Employee Pension Forfeiture Act, Act of July 8, 1978, P.L. 752, *as amended*, 43 P.S. §§ 1311–1315, resulted in an unconstitutional impairment of contract under Article I, section 17 of the Pennsylvania Constitution.

Regarding SERS' exception, the Board noted that the testimony of Holley established that Berkhimer's military service credit became part of his retirement account at the time the actuarial debt was established against his retirement benefit, i.e., at the time of purchase. Hence, the Board concluded that such credit, along with any other state service credit accumulated by Berkhimer, was subject to forfeiture. Berkhimer thereafter filed a petition for review with this Court.

■ On appeal,[8] Berkhimer argues that the Board erred in forfeiting his entire accrued pension. We agree insofar as the Board forfeited that part of Berkhimer's pension attributable to his military service credit, but disagree with respect to the remainder of his pension.

## II. Discussion

■ We begin with a review of the relevant constitutional and statutory provisions. Article V, section 18(d)(1) of the Pennsylvania Constitution provides, in pertinent part, as follows:

> A justice, judge or justice of the peace may be suspended, removed from office or otherwise disciplined for conviction of a felony; violation of section 17 of this article; misconduct in office; neglect or failure to perform the duties of office or conduct which prejudices the proper administration of justice or brings the judicial office into disrepute, whether or not the conduct occurred while acting in a judicial capacity or is prohibited by law; or conduct in violation of a canon or rule prescribed by the Supreme Court. In the case of a mentally or physically disabled justice, judge or justice of the peace, the court may enter an order of

removal from office, retirement, suspension or other limitations on the activities of the justice, judge or justice of the peace as warranted by the record. Upon a final order of the court for suspension without pay or removal, prior to any appeal, the justice, judge or justice of the peace shall be suspended or removed from office; and the salary of the justice, judge or justice of the peace shall cease from the date of the order.

Article V, section 16(b) of the Pennsylvania Constitution sets forth the following consequences for a violation of section 18:

> Except as provided by law, no salary, retirement benefit or other compensation, present or deferred, shall be paid to any justice, judge or justice of the peace who, under section 18 or under Article VI, is suspended, removed or barred from holding judicial office for conviction of a felony or misconduct in office or conduct which prejudices the proper administration of justice or brings the judicial office into disrepute.

Section 3352(a) of the Judicial Code similarly provides that "[n]o salary, retirement benefit or other compensation shall be paid to any judge or magisterial district judge who is suspended or removed from office under section 18 of Article V or under Article VI of the Constitution of Pennsylvania." 42 Pa.C.S. § 3352(a).

Berkhimer asserts several reasons why the forfeiture of his entire accrued pension was improper. Berkhimer first asserts that said forfeiture was excessive and unfair in light of the fact that his misconduct did not occur in the courtroom or relate to any judicial matter, but merely involved "using bad language (some with sexual

---

**8.** Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings are supported by substantial evidence. *Larsen v. State Employees' Retirement System,* 22 A.3d 316 (Pa. Cmwlth.2011).

connotations) to his female employees on ten occasions." (Berkhimer Brief at 48.) [9]

Nonetheless, the constitutional and statutory provisions are clear and are not dependent on how or where the misconduct occurs. Rather, these provisions simply provide for the forfeiture of compensation and retirement benefits where a judge or magisterial district judge is removed from office for any violation of Article V, section 18, and Berkhimer was removed for a violation of this section. Moreover, to the extent that Berkhimer argues that the forfeiture language of Article V, section 16(b) of the Pennsylvania Constitution was so cruel and excessive that it violates the Eighth Amendment to the United States Constitution or Article I, section 13 of the Pennsylvania Constitution,[10] this Court has previously rejected the identical argument. *See Braig v. State Employees' Retirement Board*, 138 Pa.Cmwlth. 124, 587 A.2d 371 (1991), *appeal denied*, 530 Pa. 649, 607 A.2d 258 (1992) (holding that the forfeiture provision of section 16(b) is mandatory once a judge has been removed from office).

Berkhimer next asserts that there is an inherent contradiction between the statutory and constitutional language and the discretion of the Court of Judicial Discipline. Berkhimer explains that a finding of disrepute can result in various degrees of discipline, including suspension, removal, censure, or reprimand by the Court of Judicial Discipline; whereas, under the forfeiture provisions of Article V, section 16(b) and section 3352(a) of the Judicial Code, a finding of disrepute results in no salary, retirement benefits, or other compensation. We fail to see the contradiction.

The Court of Judicial Discipline, pursuant to its authority under Article V, section 18(g) of the Pennsylvania Constitution,[11] determines the level of discipline to be imposed in accordance with the established misconduct, but it cannot make any decisions directly relating to retirement benefits. SERS has exclusive authority over these benefits. *See* Sections 5901–5956 of the State Employees' Retirement Code (Retirement Code), 71 Pa.C.S. §§ 5901–5956. The constitutional and statutory provisions do not provide for a forfeiture of benefits based upon a finding of disre-

9. While the circumstances surrounding Berkhimer's removal are not relevant to this proceeding, we take issue with the characterization of Berkhimer's actions as a mere ten instances of improper statements to female staff. We need not repeat the numerous instances of misconduct as found by the Court of Judicial Discipline in its decision removing Berkhimer from office; suffice it to say that Berkhimer's characterization of his conduct is grossly misleading. *See In re Berkhimer*, 877 A.2d 579 (Pa.Ct.Jud.Disc.2005). Indeed, the Court of Judicial Discipline found that Berkhimer "routinely, regularly, frequently, often, used crude, coarse, vulgar, offensive and improper language, including frequent use of the F-word, in conversing with his female staff and others in the course of an ordinary day at the office." *Id.* at 584. Our Supreme Court, in affirming the order of the Court of Judicial Discipline noted that Berkhimer sub-

jected various members of his female staff to "unwarranted," "disrespectful," and "expletive-filled language on a daily basis, as well as offensive comments intended to embarrass." *In re Berkhimer*, 593 Pa. 366, 373, 930 A.2d 1255, 1259 (2007).

10. The Eighth Amendment and Article I, section 13 preclude the imposition of excessive bail or fines and cruel and unusual punishments.

11. Article V, section 18(g) states that "[i]f, after hearing, the board finds good cause therefor, it shall recommend to the Supreme Court the suspension, removal, discipline or compulsory retirement of the justice or judge." The term "board" in this section referred to the Judicial Inquiry and Review Board, a predecessor to the Court of Judicial Discipline.

pute. Rather, these provisions mandate a forfeiture where a violation of Article V, section 18 has occurred and suspension or removal has been ordered by the Court of Judicial Discipline.

■ Berkhimer also alleges that because he began serving as a Magisterial District Judge prior to the 1993 amendments, his pension should remain intact and the forfeiture of the same represents an unconstitutional impairment of his retirement contract under Article I, section 17 of the Pennsylvania Constitution.[12] Alternatively, Berkhimer argues that only those benefits accrued after the 1993 amendments should be subject to forfeiture. However, the Board properly relied on *Shiomos* in rejecting these arguments. While *Shiomos* involved the forfeiture of a senior common pleas court judge's pension under the Public Employee Pension Forfeiture Act following his criminal conviction for extortion, Shiomos raised arguments similar to those Berkhimer raises here. Our Supreme Court in *Shiomos* held that at every new term of employment, a public official renews his pension contract to include his new public service and to place at risk that which was already earned. Additionally, citing the mandatory forfeiture provision of the Public Employee Pension Forfeiture Act, the Court rejected Shiomos' argument that only those benefits accrued after the effective date of this provision were subject to forfeiture.

■ Next, Berkhimer alleges that the 1993 amendments as applied in his case constitute an impermissible *ex post facto* law in violation of Article I, section 17. In order for a law to be declared *ex post*

*facto,* the law must retrospectively alter the definition of criminal conduct or retrospectively increase the penalty by which a crime is punishable. *Frederick v. Department of Transportation, Bureau of Driver Licensing,* 802 A.2d 701 (Pa.Cmwlth.2002). Berkhimer acknowledges that an *ex post facto* argument normally appears in criminal proceedings, but he notes that it can be applied to punitive civil situations. *Evans v. Pennsylvania Board of Probation and Parole,* 820 A.2d 904 (Pa.Cmwlth.2003), *appeal denied,* 580 Pa. 550, 862 A.2d 583 (2004) (noting that the *ex post facto* clause of the United States Constitution applies in both the civil and criminal context to limit the sovereign's ability to use its lawmaking power to modify bargains it has made with its subjects).

Nevertheless, our Supreme Court in *Shiomos* rejected a similar *ex post facto* argument. Following its reasoning that each time a public official is reappointed, the law in effect at that time is the applicable law, the Court in *Shiomos* concluded that any *ex post facto* argument was "unpersuasive." *Shiomos,* 533 Pa. at 595, 626 A.2d at 162. In the present case, Berkhimer began his service as a Magisterial District Judge in 1988 and was re-elected in 1993 and 1999, subsequent to the 1993 amendments. Pursuant to *Shiomos,* the law in effect at the time of Berkhimer's re-elections was controlling.

Furthermore, it is important to note that the Pennsylvania Constitution and Judicial Code provided for the removal of members of the judiciary long before Berkhimer was first elected as a district judge.[13] The 1993 amendments to the

---

12. Article I, section 17 provides that "[n]o *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed."

13. It is also important to note that prior to the 1993 amendments, Berkhimer was not vested in SERS and would not have been entitled to any benefit other than a refund of his contributions and interest because he did

Constitution and Judicial Code provisions added additional consequences for removed members of the judiciary, but did not change the reasons for removal of judges. Berkhimer should have been aware that the conduct which the Court of Judicial Discipline found brought his judicial office into disrepute could lead to his removal from office. Thus, application of the 1993 amendments did not violate the *ex post facto* provision of Article I, section 17.

■ Berkhimer further asserts that the forfeiture of his pension violates Article V, section 16(a) of the Pennsylvania Constitution, which prohibits the diminution of judicial salaries "during their terms of office." Berkhimer notes that the purpose of this prohibition was to protect the independence of the judiciary from other branches of government. *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976) (rejecting the argument that the mandatory judicial retirement provision in Article V, section 16(b) violates the prohibition against diminution of judicial salaries on the basis that the judge in that case had notice of the mandatory retirement provision when he ran for office).

However, *Firing* actually supports the Board's decision in this case. As indicated above, the decision in *Firing* was premised upon the judge's knowledge of the statutorily mandated retirement age at the time he ran for office. In the present case, Berkhimer knew or should have known that certain inappropriate conduct would subject him to discipline and that the extent of such discipline could result in the forfeiture of his salary and pension benefits. Moreover, Berkhimer's argument also fails because the prohibition against diminution of judicial salaries can only apply during "terms of office." The forfei-

ture of pension occurs after removal from the same.

Finally, Berkhimer asserts that the constitutional and statutory forfeiture provisions have not been uniformly enforced, thereby creating serious due process and equal protection concerns. Berkhimer cites numerous cases from the Court of Judicial Discipline involving members of the judiciary who received sanctions less than removal, such as reprimand or suspension, following a finding of disrepute. *See, e.g., In re Berry*, 979 A.2d 991 (Pa.Ct. Jud.Disc.2009) (common pleas court judge suspended for four months); *In re Hamilton*, 932 A.2d 1037 (Pa.Ct.Jud.Disc.2007) (Magisterial District Judge suspended for nine months); *In re Marraccini*, 908 A.2d 377 (Pa.Ct.Jud.Disc.2006) (Magisterial District Judge reprimanded for violating standards of conduct); *In re Toczydlowski*, 853 A.2d 24 (Pa.Ct.Jud.Disc.2004) (district justice publicly reprimanded).

However, in the suspension cases, the judiciary members did not receive a salary or accrue retirement benefits, in accordance with the aforementioned constitutional and statutory forfeiture provisions. With respect to the reprimand cases, the provisions do not require forfeiture. However, Berkhimer's discipline included his removal from office, which falls squarely within the forfeiture provisions. In this regard, Berkhimer received all process due to him. For example, following the SERS Appeals Committee's denial of his appeal of the forfeiture of his pension, Berkhimer received a hearing before a Board hearing officer. Additionally, Berkhimer was afforded an opportunity to challenge the Judicial Conduct Board's amended complaint alleging inappropriate conduct before the Court of Judicial Discipline.

not have the required ten years of service needed to vest in 1993.

■■ Likewise, Berkhimer's equal protection claim must also fail. In cases such as this, which includes the distribution of economic benefits and does not involve a suspect class or a fundamental right, the proper level of scrutiny is a rational basis test. *Kelley v. State Employees' Retirement Board*, 593 Pa. 487, 932 A.2d 61 (2007), *cert. denied*, 552 U.S. 1185, 128 S.Ct. 1260, 170 L.Ed.2d 69 (2008). In applying the rational basis test, courts employ a two-step analysis. First, we determine whether the challenged statute seeks to promote any legitimate state interest or public value. *Larsen v. State Employees' Retirement System*, 22 A.3d 316 (Pa. Cmwlth.2011).[14] If so, we then determine whether the legislative classification is reasonably related to accomplishing that articulated state interest. *Id.*

In the present case, the Commonwealth has expressed a legitimate state interest in upholding the independence, integrity, and professionalism of the judiciary, especially when the compensation and benefits of its members are publicly funded. The aforementioned constitutional and statutory provisions serve as a deterrent to members of the judiciary who would otherwise conduct themselves in an improper manner and thereby damage the reputation of the judiciary as a whole. Moreover, the forfeiture provisions discussed above are only applied to a limited class, i.e., members of the judiciary who have been suspended or removed from office. Thus, these provisions are reasonably related to accomplishing the state interest.

■■ Nevertheless, our inquiry does not end here. While we believe that the Board properly determined that Berkhimer's accrued pension benefit was subject to forfeiture, we conclude that Berkhimer's military service credit, which was not earned via his employment with the Commonwealth, was not subject to forfeiture. Rather, the purchase of such a credit is a privilege granted by the legislature in light of an individual's active military service. *See* Section 5304(c)(2) of the Retirement Code, 71 Pa.C.S. § 5304(c)(2) (specifically permitting active SERS members to purchase a maximum of five years of nonintervening military service). In this regard, we observe that while the military service credit was posted to Berkhimer's retirement account in 2002, he had not yet paid for this credit. As noted above, Berkhimer elected to pay for this credit via an actuarial debt on his retirement account,[15] whereby the purchase price and accumulated interest were to be deducted from the present value of his account at the time he retired.[16]

Accordingly, we reverse the order of the Board insofar as it directed the forfeiture

14. In *Larsen*, we rejected the argument of former state Supreme Court Justice Rolf Larsen that the Board had created an illegal subclass of state employees by treating the unvouchered expense allowances received by members of the General Assembly, but not members of the Judiciary, as compensation for retirement purposes. We further held that SERS' duty to determine a member's correct final average salary by ascertaining if certain types of payments constitute compensation certainly promotes a legitimate state or public interest, namely to ensure the continued actuarial soundness of the retirement fund.

15. Section 5505(b) of the Retirement Code, 71 Pa.C.S. § 5505(b), sets forth the permissible methods of payment for non-intervening military service.

16. Given the method chosen by Berkhimer for payment of his nonintervening military service and his subsequent removal from office, the practical effect of our decision here is to permit Berkhimer another opportunity to purchase credit for this service and apply it to his new state pension account as a corrections officer.

of that part of Berkhimer's pension attributable to his military service credit. Insofar as the Board's order directed the forfeiture of the remainder of Berkhimer's pension attributable to his state service as a Magisterial District Judge, we affirm.

### ORDER

AND NOW, this 14th day of January, 2013, the order of the State Employees' Retirement Board (Board), insofar as it directed the forfeiture of that part of Berkhimer's pension attributable to his military service credit, is reversed. The order of the Board, insofar is it directed the forfeiture of the remainder of Berkhimer's pension attributable to his state service as a Magisterial District Judge, is affirmed.